**DRURY LEGAL, LLC**
Scott R. Drury (State Bar No. 355002)
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
E-Mail: scott@drurylegal.com

**ARISOHN LLC**
Joshua D. Arisohn (to be admitted *pro hac vice*)
94 Blakeslee Rd.
Litchfield, CT 06759
Telephone: (646) 837-7150
Email: josh@arisohnllc.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARISSA MELUNSKY, DANA CUTOLO, KATE SHIMSHOCK, MAUREEN CAREY, CAN OZDORUK and SHUBHRANSHU GUPTA, individually and on behalf of all other persons similarly situated,<br><br>              Plaintiffs,<br><br>    v.<br><br>LINKEDIN CORPORATION,<br><br>              Defendant. | Case No. 5:26-cv-03460-PCP<br><br>**PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE AND RELATED DEADLINES**<br><br>Judge:     Hon. P. Casey Pitts<br><br>Date Filed: April 23, 2026<br><br>Trial Date:  None set |

PLAINTIFFS' PARTIAL OPPOSITION TO ADMINISTRATIVE MOTION TO CONTINUE CASE
MANAGEMENT CONFERENCE AND RELATED DEADLINES
CASE NO. 5:26-CV-03460-PCP

**INTRODUCTION**

Plaintiffs Clarissa Melunsky, Dana Cutolo, Kate Shimshock, Maureen Carey, Can Ozdoruk and Shubhranshu Gupta ("Plaintiffs"): (a) do not oppose the request of Defendant Linked Corporation ("Defendant") to continue the July 30, 2026 Case Management Conference; but (b) do oppose Defendant's requests to continue the deadlines to hold a Fed. R. Civ. P. 26(f) conference and serve initial disclosures and to stay discovery. As Defendant concedes, an underlying purpose of its motion is to stay discovery until after the Court has ruled on an as-of-yet unfiled motion to dismiss. *See* ECF No. 15 (Motion) at 4[1]; *see also* Fed. R. Civ. P. 26(d)(1) (discovery cannot begin until after the Fed. R. Civ. P. 26(f) conference). But a discovery stay is not warranted simply because a motion to dismiss is pending. This is especially true here, where the Court previously denied a motion to dismiss brought by Defendant in *Cole v. Linked Corp.*, No. 05:25-cv-01097 (N.D. Cal.), a case premised on the same underlying factual allegations as those alleged here. *See Cole v. LinkedIn Corp.*, 807 F. Supp. 3d 959 (N.D. Cal. 2025).

**ARGUMENT**

I.   **A PENDING MOTION TO DISMISS IS NOT A REASON TO STAY DISCOVERY**

Defendant's main justification for a discovery stay is that its "forthcoming motion to dismiss is potentially dispositive . . . ." ECF No. 15 at 3-4. But Courts in this District have been clear that "[t]he mere filing of a motion to dismiss is not ordinarily sufficient to stop the discovery process, derail a case schedule, and delay proceedings." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.* ("*Optronic*"), 2018 WL 1569811, at *2 (N.D. Cal. Feb. 16, 2018); *Blackmon v. Tobias*, 2011 WL 13482673, at *1 (N.D. Cal. Nov. 15, 2011) ("the pendency of a motion to dismiss, standing alone, does not present a compelling reason to stay discovery" because "such an argument could be made in *every* case in which a motion to dismiss has been filed.") (original emphasis); *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1165 (N.D. Cal. 2021) ("Courts have traditionally looked unfavorably upon blanket stays of discovery while Rule 12 motions are pending."); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Had the

---

[1] Citations to page numbers of docketed entries are to the CM/ECF-stamped page numbers.

Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.").

Here, Defendant "does not explain why discovery in this case would be any more burdensome than it is on parties to other civil lawsuits." *Barrett v. Apple Inc.*, 2020 WL 13815568, at *2 (N.D. Cal. Oct. 22, 2020). Indeed, discovery is likely to be less burdensome in this case because the plaintiff in *Cole* had already served discovery in that case prior to its voluntary dismissal—giving Defendant a headstart and insight into discovery here. In all events, "'any interest Defendant[] may have in resisting discovery is outweighed by the interests of Plaintiff, the public, and the court in maintaining an orderly and expeditious schedule.'" *Barrett*, 2020 WL 13815568, at *2 (quoting *Optronic*, 2018 WL 1569811, at *2); *Meta Platforms, Inc. v. Voyager Labs LTD.*, 2023 WL 4828007, at *2 (N.D. Cal. July 26, 2023) (same).

## II.     THE MOTION TO DISMISS IS UNLIKELY TO DISPOSE OF THIS CASE

While Defendant claims its motion to dismiss "is potentially dispositive of this entire action," as discussed below, the Court's previous decision in *Cole* indicates otherwise. The fact that Defendant's forthcoming motion is not likely to be dispositive of the entire action strongly weighs against staying discovery. *See Power Integrations, Inc. v. Park*, 2016 WL 10859441, at *1 (N.D. Cal. Dec. 2, 2016) (a court may "take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted").

Like here, *Cole* was premised on Defendant's alleged violation of putative class members' privacy based on its alleged unlawful integration and use of tracking technologies within its LinkedIn Learning platform. *See Cole* ECF No. 1 (*Cole* Compl.); *see also Cole*, 807 F. Supp. 3d at 961. Indeed, *Cole* was premised on the same underlying factual allegations as those alleged here and, like here, alleged a violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. *Compare* ECF No. 1 (Compl.) *with Cole* ECF No. 1 (*Cole* Compl.). While this case asserts additional causes of actions based on the same underlying facts—namely, violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, *et seq.*, and the California

Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630, *et seq.*—those additional claims have no bearing on the continued sufficiency of Plaintiffs' VPPA claim. Thus, while Plaintiffs are confident in each of the claims asserted in their Complaint, even if the Court were to dismiss one or more of the newly-asserted claims, it seems very likely that their VPPA claim will survive any motion to dismiss.

Oddly, Defendant points to *Cole* as a reason for granting the administrative motion presently before the Court. ECF No. 15 at 4. Defendant contends that, in *Cole*, this Court granted a similar administrative motion. *Id.* Defendant ignores that the Court entered its Order before having had a chance to consider and rule on Defendant's subsequent motion to dismiss. As discussed throughout, the Court ultimately denied Defendant's motion to dismiss in its entirety. *See Cole*, 807 F. Supp. 3d at 969.

Defendant seems to contend that even if its forthcoming motion to dismiss is not dispositive of the entire case, the Court should nevertheless stay discovery because the ruling on the motion will allow the parties to more meaningfully confer on what type of discovery may be necessary. ECF No. 15 at 4. However, given that each of Plaintiffs' claims is premised on a common set of underlying facts, the scope of discovery will not change much, if at all, in the event a certain claim is dismissed. To the extent there is concern that discovery may be claim-dependent, the Court may initially limit discovery to Plaintiff's VPPA claim.

<strong><u>CONCLUSION</u></strong>

For the reasons stated herein, the Court should deny Defendant's motion to the extent it seeks to: (a) continue the deadlines to hold a Fed. R. Civ. P. 26(f) conference and serve initial disclosures; and (b) stay discovery. Plaintiffs do not oppose Defendant's request to continue the Case Management Conference.

Dated: June 8, 2026                              Respectfully submitted,

**DRURY LEGAL, LLC**

By:   */s/ Scott R. Drury*
        Scott R. Drury

PLAINTIFFS' PARTIAL OPPOSITION TO ADMINISTRATIVE MOTION TO CONTINUE CASE
MANAGEMENT CONFERENCE AND RELATED DEADLINES                                     3
CASE NO. 5:26-CV-03460-PCP

Scott R. Drury (State Bar No. 355002)
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
E-Mail: scott@drurylegal.com

**ARISOHN LLC**
Joshua D. Arisohn (to be admitted *pro hac vice*)
94 Blakeslee Rd.
Litchfield, CT 06759
Telephone: (646) 837-7150
Email: josh@arisohnllc.com

*Attorneys for Plaintiffs*