KEKER, VAN NEST & PETERS LLP
BENJAMIN BERKOWITZ - # 244441
bberkowitz@keker.com
MATAN SHACHAM - # 262348
mshacham@keker.com
CHRISTINA LEE - # 314339
clee@keker.com
SPENCER MCMANUS - # 322824
smcmanus@keker.com
ROBYN PARISER - # 335017
rpariser@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant LINKEDIN CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARISSA MELUNSKY, DANA CUTOLO, KATE SHIMSHOCK, MAUREEN CAREY, CAN OZDORUK and SHUBHRANSHU GUPTA, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LINKEDIN CORPORATION,<br><br>Defendant. | Case No. 5:26-cv-03460-PCP<br><br>**REPLY IN SUPPORT OF DEFENDANT LINKEDIN CORPORATION'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date: September 24, 2026<br>Time: 10:00 a.m.<br>Dept.: Ctrm. 8, 4th Flr.<br>Judge: Hon. P. Casey Pitts<br><br>Date Filed: April 23, 2026<br><br>Trial Date: None set |

## I. INTRODUCTION

The Court should grant LinkedIn's request for judicial notice. Plaintiffs contend that LinkedIn's agreements and webpages (Exs. A–E) and Meta's agreements (Exs. F–H) are irrelevant to their claims, but Plaintiffs' own allegations demonstrate their relevance. The Complaint is based on the central allegation that LinkedIn intercepted information through its use of pixel and cookie technologies on a portion of its website called LinkedIn Learning without Plaintiffs' consent, and then disclosed that information to Meta Platforms and Adobe—and Plaintiffs even reference LinkedIn and Meta's terms and disclosures in their Complaint in support of that allegation. Compl. ¶¶ 9, 15. But Plaintiffs now ask the Court to ignore the actual text of those disclosures relating to the alleged data collection practices. All told, Plaintiffs' opposition amounts to no more than an attempt to selectively exclude documents that undermine their claims. But such "selective use of documents" is precisely what the doctrine of incorporation by reference is designed to prevent. *Bos. Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, at *2 (N.D. Cal. Aug. 7, 2020). Plaintiffs cannot "select[] only portions of documents that support [their] claims, while omitting portions of those very documents that weaken—or doom—[their] claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002–03 (9th Cir. 2018).

The Court should overrule Plaintiffs' objections and consider Exhibits A–H under the doctrines of incorporation by reference and judicial notice.

## II. ARGUMENT

### A. Exhibits A–H are incorporated by reference into the Complaint.

LinkedIn's Privacy Policy, Cookie Policy, Cookie Table, California Consumer Privacy Act Notice, and User Agreement publicly disclose LinkedIn's data collection and usage practices. In their Complaint, Plaintiffs reference and mischaracterize the contents of LinkedIn's Privacy Policy (Ex. A) and Cookie Policy (Ex. B) when they claim that LinkedIn "purportedly discloses in its Privacy Policy and Cookie Policy what information it shares with third parties, but did not disclose that it would share URLs that users visit, or the videos that they watch, with Meta and/or Adobe." Compl. ¶¶ 80, 100. That mischaracterization is essential to Plaintiffs' claims and undermines any reasonable basis to contest those documents' authenticity. Furthermore, those

documents are both part of LinkedIn's User Agreement (Ex. E), and the documents collectively incorporate LinkedIn's CCPA Notice (Ex. D) and Cookie Table (Ex. C). Plaintiffs allege that they are all LinkedIn Premium subscribers, Compl. ¶¶ 4–9, and they thus had to consent to these agreements.

Similarly, as to Meta's Terms of Service, Privacy Policy, and Cookies Policy (Exs. F–H), Plaintiffs allege they are Facebook account holders and cite to and quote a portion of Meta's Terms of Service—specifically, the Facebook Community Standards—in their Complaint. Compl. ¶¶ 4–9, 15. Plaintiffs rely on the Community Standards in alleging that Meta was only able to connect someone's video viewing history on LinkedIn Learning to a specific individual because, as part of its Terms of Service, Facebook required its members to provide their names to register for an account. Compl. ¶¶ 37–43. Meta's Privacy Policy and Cookies Policy are expressly incorporated into those same Terms of Service. These documents are thus incorporated by reference into Plaintiffs' Complaint. RJN at 4–6; *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Khoja*, 899 F.3d at 1002.

Plaintiffs' arguments in opposition are unavailing. Plaintiffs first claim that courts have rejected the types of incorporation-by-reference arguments that LinkedIn makes here, where there was no explicit reference to a document but plaintiffs alleged that they were account holders of the relevant platform. To the contrary, courts have frequently found LinkedIn's disclosures incorporated by reference into complaints in this exact situation. *See Doe v. LinkedIn Corp.*, 2026 WL 2199526, at *1 n.2 (N.D. Cal. July 30, 2026) (granting LinkedIn motion as to LinkedIn policies and disclosures under doctrines of incorporation by reference and judicial notice); *L.B. v. LinkedIn Corp.*, 2025 WL 2899514, at *1 n.2 (N.D. Cal. Oct. 10, 2025) (same). Indeed, the Ninth Circuit has upheld incorporation by reference of documents outlining the terms of membership plans where, as here, plaintiff alleged membership in that plan. *See, e.g., Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (court properly considered documents describing terms of plaintiff's group health insurance plan on motion to dismiss where plaintiff alleged membership in the plan, his claims depended on the conditions described in the documents, and plaintiff never disputed their authenticity), *superseded on other grounds as stated in Abrego v. Dow Chem. Co*,

443 F.3d 676 (9th Cir. 2006); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (document may be incorporated by reference even if the complaint does not explicitly cite its contents).

Plaintiffs further argue that none of these documents—whether incorporated by reference or subject to judicial notice—can be used to demonstrate consent because doing so would require accepting "the truth" of those documents. Opp. 7–8. But, in fact, where a plaintiff's claims depend on her allegation that notice was not provided, and a defendant provides evidence that such notice did occur, courts have held that such evidence is integral to the complaint and properly subject to incorporation by reference. *See, e.g., Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 868 (N.D. Cal. 2022) (incorporating by reference a notice allegedly not received by plaintiff); *Starks v. Geico Indem. Co.*, 2015 WL 12942282, at *2 (C.D. Cal. Nov. 10, 2015) (same); *Chyba v. Green Tree Servicing, LLC*, 2012 WL 12874929, at *2 (S.D. Cal. Dec. 12, 2012) (incorporating written correspondence between the parties where plaintiff "alleg[ed] that [defendant] did not send her written notice"). Here, Plaintiffs contend that they were not aware of LinkedIn's data collection practices, and that the practices were only partially disclosed. Accordingly, incorporation by reference of LinkedIn's and Meta's policies to show that both companies publicly notify its members of these data practices is proper. *See Al-Ahmed*, 603 F. Supp. 3d at 868; *Starks*, 2015 WL 12942282, at *2; *Chyba*, 2012 WL 12874929, at *2.

**B. Exhibits A–H are judicially noticeable as public websites that are not subject to reasonable dispute.**

As explained in LinkedIn's request, all the LinkedIn and Meta documents at issue are judicially noticeable as publicly available webpages that are not subject to reasonable dispute. *See* RJN at 8. Courts routinely hold that websites and their contents may be judicially noticed. *See Doe*, 2026 WL 2199526, at *1 n.2; L.B., 2025 WL 2899514, at 1 n.2; *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020); *In re Intel Corp. Sec. Litig.*, 2023 WL 2767779, at *9 (N.D. Cal. Mar. 31, 2023), *aff'd*, 2024 WL 1693340 (9th Cir. Apr. 19, 2024) ("[E]xhibits are . . . judicially noticeable as publicly available articles.") (citing *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999)); *Hammerling v. Google*

*LLC*, 2022 WL 17365255, at *4 (N.D. Cal. Dec. 1, 2022) ("[W]ebpages . . . are regularly the subject of judicial notice in this circuit."). Plaintiffs do not contest that the documents are public website, and they offer no explanation for why any of them is subject to reasonable dispute.

Plaintiffs object to the Court taking judicial notice to prove the truth of any matter asserted on the webpages. Opp. at 7. LinkedIn is not seeking judicial notice of the truth of any statement in these policies. Instead, it is requesting judicial notice of the ***existence*** of the disclosures contained in these documents. That is a classic function of judicial notice. *See, e.g., Genasys Inc. v. Vector Acoustics, LLC*, 638 F. Supp. 3d 1135, 1146 (S.D. Cal. 2022) ("[T]he court is simply taking as true that the website exists and makes certain representations about the company to the public. The court does not assume the veracity of any of the representations the website contains."); *Permito v. Wells Fargo Bank, N.A.*, 2012 WL 1380322, at *2 (N.D. Cal. Apr. 20, 2012) (judicial notice of legally-operative language is proper); *see also Finjan*, 58 F.4th at 1052 n.1 (holding that judicial notice of legally operative language controls over allegations made in a complaint to the contrary). To the extent Plaintiffs' contention is that judicially noticing the mere existence of the publicly disclosed content of these webpages is improper, they are incorrect. Courts routinely take judicial notice of terms of service and privacy policies. *See e.g., Doe*, 2026 WL 2199526, at *1 n.2; L.B., 2025 WL 2899514, at *1 n.2 (incorporating earlier versions of the same agreements at issue here in a related case concerning identical policies); *Pica v. Delta Air Lines, Inc.*, 2018 WL 5861362, at *5 (C.D. Cal. Sept. 18, 2018) ("[T]he Court takes judicial notice of the Privacy Policy as 'matters of public record outside the pleadings that are not subject to reasonable dispute.'").

Plaintiffs also separately object to judicial notice of these exhibits because they contend LinkedIn has not proven that the policies were in effect during the entire time Plaintiffs watched videos on LinkedIn. Opp. 5. But, as explained further in LinkedIn's Reply in support of its Motion to Dismiss, Plaintiffs do not actually contest that these are the terms and disclosures in effect at the relevant time, which were all in place at the time they filed their Complaint and some of which have been effective for the entire statute of limitations period for their CIPA (one year) and ECPA (two years) claims. Moreover, to the extent that this is an issue at all, it is one of

Plaintiffs' own making. Plaintiffs argue that, "while Defendant submits policies that were in effect when the Complaint in this case was filed, they were not in effect throughout the entire relevant time period when Plaintiffs were watching videos on Defendant's platform." Opp. at 1. But Plaintiffs failed to include any allegations in their Complaint regarding when they watched the LinkedIn Learning videos or when they were logged into the Facebook. Plaintiffs cannot simultaneously assert that their threadbare allegations are sufficient to survive a motion to dismiss, and then rely on those threadbare allegations to criticize LinkedIn's exhibit submissions based on those allegations.

## III. CONCLUSION

For the forgoing reasons, LinkedIn requests that the Court grant its request for incorporation by reference and judicial notice.

Dated: September 1, 2026

KEKER, VAN NEST & PETERS LLP

By: */s/ Matan Shacham*

BENJAMIN BERKOWITZ
MATAN SHACHAM
CHRISTINA LEE
SPENCER MCMANUS
ROBYN PARISER

Attorneys for Defendant LINKEDIN CORPORATION